IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY PINDER, | ) | |
|     Plaintiff | ) | C.A. No. 18-115 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| A.J. KENNELLEY, et al., | ) | |
|     Defendants. | ) | |

### **MEMORANDUM OPINION**

**I.**  **INTRODUCTION**

Plaintiff Mary Pinder, an adult resident of Erie County, Pennsylvania, commenced this civil action by filing a complaint in the Court of Common Pleas of Crawford County, Pennsylvania. [ECF No. 1-2]. The action was removed to this Court pursuant to a notice of removal dated April 18, 2018. [ECF No. 1]. Named as Defendants are Hermitage House Youth Services, Inc. ("Hermitage House"), a social services facility providing care and shelter for troubled youth in Cambridge Springs, Pennsylvania; Ray Overholt ("Overholt"), Executive Director of Hermitage House; and three individuals who were employees of Hermitage House at all times relevant to this action: A.J. Kennelley ("Kennelley"), Nicole Hepak ("Hepak"), and Lela Skeba ("Skeba").

The claims in this case arise from the sexual harassment and assault of Plaintiff by Defendant Kennelley while Plaintiff was a resident inmate at Hermitage House from September 4, 2014 through the end of November 2014. In particular, Plaintiff alleges that during her residency at Hermitage House, Defendant Kennelley engaged in a course of sexually harassing

1

behavior toward her, "including, but not limited to, flirting, touching her breasts, blowing kisses, requesting sex, requesting to kiss her, and using any tactics to entice Plaintiff to have sexual relations with him," which included showing her videos of himself masturbating. (ECF No. 1-2, at ¶¶ 12-13). Plaintiff alleges that this course of sexual harassment ultimately culminated in Kennelley having sexual intercourse with her, under compulsion, at or around the end of November 2014. (Id. at ¶¶ 14-15). For his actions, Defendant Kennelley was ultimately convicted of institutional sexual assault. (Id. at ¶ 17).

The complaint alleges six counts: (1) a claim of professional negligence against Defendant Kennelley ("Count I"); (2) a claim of negligent hiring, supervision, and retention against Defendant Hermitage House ("Count II"); (3) a claim under 42 U.S.C. § 1983 for violations of the eighth and fourteenth amendments to the United States Constitution against Defendant Hermitage House ("Count III"); (4) a claim of negligent hiring, supervision, and retention against Defendant Overholt ("Count IV"); (5) a claim under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments against Defendant Overholt ("Count V"); and (6) a claim of civil conspiracy against all Defendants ("Count VI").

Presently before the Court is a motion to dismiss filed on behalf of all Defendants other than Defendant Kennelley [ECF No. 2], asserting that Counts II through VI fail to state causes of action upon which relief may be granted. Plaintiff has filed a brief in opposition to Defendants' motion [ECF No. 12]. This matter is now ripe for consideration.

## II. DISCUSSION

### A. Negligence Claims

At Counts II and IV, Plaintiff alleges, *inter alia*, that both Hermitage House, as an entity, and Overholt, as its Executive Director, failed to "exercise reasonable care in the hiring, retention, and supervision of Defendant Kennelley" (ECF No. 1-2, at ¶¶ 46, 77), and "knew or should have known that Defendant Kennelley posed an unreasonable risk to the safety and well-being" of residents at Hermitage House (Id. at ¶¶ 52(b)-(d), 82(b)-(d)). As a result, Plaintiff alleges that said Defendants breached their duty of care to her and were negligent.

Initially, the Court notes that Plaintiff's claim of negligent hiring fails, as Plaintiff has made no allegation that either Defendant had any knowledge that Defendant Kennelley had a history of sexual misconduct at the time of his hiring, thus placing them on notice of Defendant Kennelly's propensity for the type of behavior at issue in this case. See Buttermore v. Loans, 2016 WL 308875, at *4 (W.D.Pa. Jan. 25, 2016), citing Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 491 (3d Cir. 2013) ("Plaintiff must allege facts indicating that [the defendant] knew or should have known of an employee's propensity to engage in the misconduct that allegedly occurred"). Here, Plaintiff's conclusory allegation that Defendants "failed to do an adequate professional and background check on Defendant Kennelly to inquire or discover any conduct which would deter the hiring of him" (ECF No. 1-2, Complaint, at ¶¶ 38, 69) is not sufficient. See Buttermore, at *5 (dismissing negligent hiring claim where "complaint consists of no allegations of historical fact indicating that [the defendant] … knew or should have known of any employee's likelihood to violate the law"). Thus, Plaintiff's claim of negligent hiring

3

against both Defendants will be dismissed.

As for Plaintiff's claims of negligent retention or supervision, under Pennsylvania law "a plaintiff must prove that [her] loss resulted from (1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment, (2) that is committed on the employer's premises, (3) when the employer knows or has reason to know of the necessity and ability to control the employee." Belmont, 708 F.3d at 487-88, citing Dempsey v. Walso Bureau, Inc., 431 Pa. 562, 246 A.2d 418, 420 (1968); Heller v. Patwil Homes, Inc., 713 A.2d 105, 107–08 (Pa.Super.Ct.1998). "An employer knows, or should know, of the need to control an employee if the employer knows that the employee has dangerous propensities that might cause harm to a third party." Id. at 488, citing Hutchison v. Luddy, 742 A.2d 1052, 1057–58 (citing Dempsey, 246 A.2d at 423 (holding employer not liable where employee's act of "horseplay" while on the job did not suggest a propensity for violence)); see also Coath v. Jones, 419 A.2d 1249, 1250 (Pa. Super. 1980) (holding employer liable where employer should have known of employee's inclination to assault women).

Defendants move to dismiss these claims, arguing that Plaintiff's factual allegations fail to indicate that Defendants Hermitage House and Overholt "had or should have had any knowledge of the alleged propensity of Kennelley to engage in institutional sexual assault … during his employment." The Court disagrees.

In particular, Plaintiff has alleged the following:

> 39. Defendant Hermitage House was, during Defendant Kennelley's employment, made aware through other inmates/residents and other staff members, some of Defendant Kennelley's

4

    inappropriate and improper conduct directed towards not only Plaintiff but other residents/female residents/inmates but yet failed to properly investigate, monitor, supervise and/or terminate Defendant Kennelley.
40. Defendant Hermitage House, by and through its agents and/or employees, gained actual notice of Defendant Kennelley's sexual and inappropriate misconduct directed towards Plaintiff when accusations arose throughout the facility of Defendant Hermitage House and after an employee named "Miss Nikki" was also informed yet no action was taken to protect Plaintiff from Defendant Kennelley.

(ECF No. 1-2, at ¶¶ 39-40).[1]

These factual allegations are sufficient at the pleading stage to suggest that Defendant Hermitage House and/or Defendant Overholt had, or should have had, knowledge of Defendant Kennelley's propensity to engage in sexual impropriety with Plaintiff, and other female residents, at the facility. As a result, Defendant's motion to dismiss Plaintiff's claims of negligent retention and supervision against Defendants Hermitage House and Overholt will be denied.

### B. Section 1983 Claims

#### 1. Eighth Amendment Claims

Plaintiff alleges that both Defendants Hermitage House and Overholt violated her Eighth Amendment right to be free from cruel and unusual punishment, "such as that perpetrated by her caretaker, Defendant Kennelley." (ECF No. 1-2, at ¶¶ 61(b) and 91(b)). In their motion to dismiss, Defendants acknowledge that Plaintiff has stated cognizable Eighth Amendment claims

---

[1] The Complaint contains substantially similar allegations regarding Defendant Overholt's actual and/or constructive knowledge of Defendant Kennelley's prior sexual misconduct toward Plaintiff. (See ECF No, 1-2, at ¶¶ 70-71).

insofar as they pertain to the sexual assault perpetrated by Defendant Kennelley, but seek to dismiss the claims insofar as they relate to Plaintiff's allegations of sexual harassment. In her opposition brief, however, Plaintiff clarifies that her Eighth Amendment claims arise solely from the sexual assault, and not from any of the sexual harassment allegations leading up to the assault. Nonetheless, to eliminate any uncertainty, the Court will grant Defendant's motion to dismiss Plaintiff's Eighth Amendment claims against Defendants Hermitage House and Overholt insofar as they relate to any allegations of sexual harassment, but will deny the motion to the extent the claims arise from the sexual assault perpetrated by Defendant Kennelley.

## 2. Substantive Due Process

Plaintiff alleges further that Defendants Hermitage House and Overholt violated "[h]er clearly established liberty interest to be free in her person from threats, intimidation, sexual and physical abuse such that was perpetrated by Defendant Kennelley," and, thus, violated her fundamental right to substantive due process. (ECF No. 1-2, at ¶¶ 61(a), (c) and 91(a), (c). Defendants seek to dismiss these claims, asserting that the complaint "does not identify the substantive due process right that the Plaintiff is claiming, and, thus, is insufficient to state a claim." (ECF No. 3, Defendants' Brief, at p. 8). The Court disagrees.

As our district court noted in Logan v. Bd. of Educ. of School Dist. of Pittsburgh, 2016 WL 7232571, at *5 (W.D. Pa. Dec. 14, 2016),

> An individual's right to bodily integrity is a fundamental right and liberty interest protected by substantive due process. Washington v. Glucksberg, 521 U.S. 702, 720 (1997). The Third Circuit Court of Appeals agrees. Black by Black v. Indiana Area Sch. Dist., 985 F.2d 707, 709, n.1 (3d Cir. 1993) (plaintiffs alleging school bus driver sexually molested them have a

> liberty interest in their bodily integrity under the Fourteenth Amendment). This district court held that students' right to bodily integrity includes their " 'right to be free from sexual assaults' perpetrated by a public school teacher." Douglas v. Brookville Area Sch. Dist., 836 F. Supp. 2d 329, 350 (W.D. Pa. 2011) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 727 (3d Cir. 1989)).

Based on the foregoing, the Court finds that Plaintiff has sufficiently alleged the substantive due process right she claims was violated by Defendants Hermitage House and Overholt, at the pleading stage. For this reason, Defendants' motion to dismiss Plaintiff's substantive due process claims will be denied.

### **C.** **Civil Conspiracy**

Plaintiff alleges, *inter alia*, that Defendants "conspired together to conceal any and all prior misconduct perpetrated on residents, and/or inmates prior to Plaintiff's injuries thereby failing to provide notice to other staff members and/or inmates/residents of the potential harm by fellow employees." (ECF No. 1-2, at ¶ 100). Defendants argue that Plaintiff's complaint "lacks the particularity required to establish a cause of action for civil conspiracy." (ECF No. 3, at p. 9). The Court agrees.

"To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir.1989). Here, the complaint sets forth merely "a conclusory allegation of agreement at some unidentified point [, which] does not supply facts adequate to show illegality." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Moreover, the complaint is devoid of any

7

allegations ascribing particular actions to Defendants Hepak and Skeba, other than broadly alleging that they "knew or should have known of improper contact and conduct between fellow staff/employees and female residents." (ECF No. 1-2, at ¶ 22). In short, Plaintiff has failed to allege, except in general terms, the approximate time when any alleged agreement was made, the specific parties to the agreement, the period of the conspiracy, or the object of the conspiracy. Thus, the complaint falls far short of the pleading standard required to state a cognizable claim of conspiracy, and Defendants' motion to dismiss this claim will be granted.

      An appropriate Order follows.